Matter of Fonti (2020 NY Slip Op 01498)





Matter of Fonti


2020 NY Slip Op 01498


Decided on March 4, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN
LEONARD B. AUSTIN, JJ.


2018-08307

[*1]In the Matter of Gregg X. Fonti, an attorney and counselor-at-law, Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Gregg X. Fonti, respondent. (Attorney Registration No. 1216365)



DISCIPLINARY PROCEEDING commenced by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, pursuant to 22 NYCRR 1240.8, against the respondent by service and filing of a notice of petition and verified petition, both dated July 12, 2018. The respondent served and filed a verified answer dated August 16, 2018. Subsequently, the parties filed a joint stipulation of undisputed facts on October 12, 2018. By decision and order on application dated November 5, 2018, this Court referred the issues raised to John P. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 24, 1978.



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for petitioner.
Longo & D'Apice, Brooklyn, NY (Mark A. Longo of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated July 12, 2018, containing seven charges of professional misconduct. The respondent submitted a verified answer dated August 16, 2018, in which he admitted all charges. After a pretrial conference on January 4, 2019, and a hearing on February 20, 2019, the Special Referee issued a report dated April 23, 2019, finding the charges have been admitted. The Grievance Committee now moves for an order confirming the report of the Special Referee, imposing such discipline upon the respondent as the Court deems appropriate, and for such other relief as the Court may deem just and proper. The respondent's counsel submitted an affirmation in response, requesting the Court to issue an order confirming the report of the Special Referee, and imposing a censure, in view of the mitigating factors presented and as reported by the Special Referee.
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all times relevant to this petition, the respondent maintained an attorney escrow account at JPMorgan Chase Bank, account no. xxxxx0192, entitled "FONTI & FONTI ESQS ATTORNEY TRUST ACCOUNT IOLA," (hereinafter the escrow account).
On October 21, 2015, the respondent deposited a $305,000 down payment into the [*2]escrow account with respect to the sale of a property owned by his client, 2249-86th Street, LLC, managed by Eric Aminoff. Pursuant to the contract of sale dated October 2015, the respondent was required to hold the down payment in escrow until closing. The closing occurred on January 28, 2016. By December 31, 2015, the balance in the escrow account had been depleted to $167,877.95, which was less than the $305,000 the respondent should have been holding pursuant to the sale.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On January 4, 2016, the respondent deposited an $85,000 down payment into the escrow account with respect to the sale of a property owned by his client, Chris Dam. Pursuant to the contract of sale dated January 5, 2016, the respondent was required to hold the down payment in escrow until closing. The closing occurred on March 23, 2016. By March 11, 2016, the balance in the escrow account had been depleted to $15,162.43, which was less than the $85,000 the respondent should have been holding pursuant to the sale.
Charge three alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On February 9, 2016, the respondent deposited a $50,000 down payment into the escrow account with respect to the sale of a property belonging to his client, Maria Sangiorgio. Pursuant to the contract of sale dated February 2016, the respondent was required to hold the down payment in escrow until closing. The closing occurred on June 21, 2016. By April 14, 2016, the balance in the escrow account had been depleted to $4,878.86, which was less than the $50,000 the respondent should have been holding pursuant to the sale.
Charge four alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On June 3, 2016, the respondent deposited a $60,000 down payment into the escrow account with respect to the sale of a property owned by his client, John Moceo. Pursuant to the contract of sale dated June 2, 2016, the respondent was required to hold the down payment in escrow until closing. The closing occurred on September 15, 2016. By July 18, 2016, the balance in the escrow account had been depleted to $12,372.82, which was less than the $60,000 the respondent should have been holding pursuant to the sale.
Charge five alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On August 12, 2016, the respondent deposited a $20,000 down payment into the escrow account with respect to the sale of a property owned by his client, Lawrence Port. Pursuant to the contract of sale dated August 12, 2016, the respondent was required to hold the down payment in escrow until closing. The closing occurred on October 12, 2016. By September 27, 2016, the balance in the escrow account had been depleted to $1,968.16, which was less than the $20,000 the respondent should have been holding pursuant to the sale.
Charge six alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On September 28, 2016, the respondent deposited a $50,000 down payment into the escrow account with respect to the sale of a property owned by his client, the estate of Murray Hochberg. Pursuant to the contract of sale, the respondent was required to hold the down payment in escrow until closing. The closing occurred on December 22, 2016. By October 6, 2016, the balance in the escrow account had been depleted to $2,440.58, which was less than the $50,000 the respondent should have been holding pursuant to the sale.
Charge seven alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between October 1, 2015 and February 28, 2017, the respondent deposited funds entrusted to him as a fiduciary, incident to his practice of law, into the escrow account. During that period, the respondent deposited non-escrow funds, totaling $405,000, into the escrow account, as follows:
DATEAMOUNT
January 7, 2016 $250,000
March 16, 2016 $100,000
May 6, 2016 $ 10,000
July 25, 2016 $ 40,000
October 11, 2016 $ 5,000
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests the Court to issue a censure in view of the mitigation presented, including, among other things, the respondent's efforts to ensure all clients received their funds; cooperation with the Grievance Committee; acceptance of responsibility, admission of charges, and demonstrated remorse; the remedial measures instituted; and the evidence of the respondent's good character and extensive civic, community and religious activities. Notwithstanding the mitigation advanced, the respondent failed to honor his obligation as a fiduciary and to abide by the rules governing the maintenance of an attorney's special account. Indeed, he misappropriated down payment funds in six real estate transactions and commingled personal funds in the escrow account. We have also considered that his disciplinary record is not unblemished, having received a Letter of Caution and an Admonition, though remote.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years (see Matter of Pupke, 166 AD3d 49; Matter of Kalba, 164 AD3d 39; Matter of Lenowitz, 161 AD3d 30).
SCHEINKMAN, P.J., RIVERA, DILLON, BALKIN and AUSTIN JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Gregg X. Fonti, is suspended from the practice of law for a period of two years, commencing April 6, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 6, 2021. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Gregg X. Fonti, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Gregg X. Fonti, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gregg X. Fonti, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court