Matter of Hamilton (2022 NY Slip Op 03515)





Matter of Hamilton


2022 NY Slip Op 03515


Decided on June 1, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2020-06718

[*1]In the Matter of Reginald W. Hamilton, admitted as Reginald Wayne Hamilton, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Reginald W. Hamilton, respondent. (Attorney Registration No. 2427573.)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated January 15, 2021, this Court immediately suspended the respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(2) and (5), based upon the uncontroverted evidence that he misappropriated funds entrusted to him as a fiduciary. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 11, 1991, under the name Reginald Wayne Hamilton.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated September 3, 2020, containing four charges of professional misconduct. The respondent served and filed an answer dated October 20, 2020. The Grievance Committee served and filed a statement of disputed and undisputed facts dated October 30, 2020, to which the respondent did not file a response. By decision and order on motion dated January 15, 2021, pursuant to 22 NYCRR 1240.8(b)(1), the issues raised in the statement of disputed and undisputed facts, as well as any evidence in mitigation and/or aggravation, were referred to the Honorable Patricia M. DiMango, as Special Referee, to hear and report. After a hearing on July 12, 2021, the Special Referee submitted a report in which she sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has failed to file a response thereto or otherwise request additional time in which to do so.
The Petition
At all times relevant herein, the respondent maintained an attorney escrow account at Bank of America entitled "Reginald W. Hamilton, Atty IOLA Fund," account ending in 2234 (hereinafter the escrow account).
Charges one and two allege that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Mendez Matter
On or about August 14, 2017, the respondent, as attorney for the seller of real [*2]property, deposited a $45,000 down payment received from the buyer, Winston R. Mendez, into the escrow account. Thereafter, prior to any disbursements in the matter, the balance in the escrow account fell to $18,960.68 on August 16, 2017, and to $238.66 on January 12, 2018, below the sum the respondent was required to maintain on deposit.
Brea Matter
On or about August 24, 2017, the respondent deposited $24,000 into the escrow account representing the return of a real estate down payment for his client, Joel Brea. By August 25, 2017, prior to any disbursements in the matter, the balance in the escrow account fell to $21,850.02, below the sum the respondent was required to maintain on deposit.
Campbell Matter
On or about September 12, 2017, the respondent, as attorney for the seller of real property, deposited a $15,000 down payment received from the buyer, Trevor H. Campbell, into the escrow account. By January 12, 2018, prior to any disbursements in the matter, the balance in the escrow account fell to $238.66, below the sum the respondent was required to maintain on deposit.
Hutcherson Matter
On or about November 13, 2017, the respondent, as attorney for the seller of real property, deposited a $10,000 down payment received from the buyer, Venice Junior Hutcherson, into the escrow account. By January 12, 2018, prior to any disbursements in the matter, the balance in the escrow account fell to $238.66, below the sum the respondent was required to maintain on deposit.
Perez Matter
On or about November 27, 2017, the respondent, as attorney for the seller of real property, deposited a $20,000 down payment received from the buyer, Mr. Perez, into the escrow account. By January 12, 2018, prior to any disbursements in the matter, the balance in the escrow account fell to $238.66, below the sum the respondent was required to maintain on deposit.
Watkins Matter
On or about February 13, 2018, the respondent, as attorney for the seller of real property, deposited a $25,200 down payment received from the buyer, Warrington Watkins, into the escrow account. By March 5, 2018, prior to any disbursements in the matter, the balance in the escrow account fell to $19,439.35, below the sum the respondent was required to maintain on deposit.
Lawson/Tait Matter
On or about April 13, 2018, the respondent, as attorney for the seller of real property, deposited a $70,000 down payment received from the buyer, George Tait, into the escrow account. By June 18, 2018, prior to any disbursements in the matter, the balance in the escrow account fell to $22,411.35, below the sum the respondent was required to maintain on deposit.
Direct Access Corporation Matter
On June 19, 2018, the respondent, as attorney for the seller of real property, Direct Access Corporation, deposited a down payment check in the amount of $80,000 into the escrow account, which he had received from the prospective buyer, Fine Star Properties, LLC. On June 27, 2018, prior to any disbursements in the matter, the balance in the escrow account fell to $79,567.62, below the sum the respondent was required to maintain on deposit.
Clemand Matter
The respondent, as attorney for the seller in a real estate transaction, received a $10,000 down payment from Raphael Clemand, the prospective buyer. The respondent subsequently failed to deposit the down payment into the escrow account prior to disbursing check no. 2079, in the amount of $10,000, on behalf of the matter. Accordingly, on December 4, 2017, when check no. 2079 cleared the escrow account, it did so against other client funds.
Persad/Harris Matter
The respondent, as the attorney for the seller in a real estate transaction, received a $5,000 down payment from Marvin Persad, the prospective buyer, and a $4,000 check from attorney Jeffrey S. Feinerman. The respondent subsequently failed to deposit either check into the escrow account prior to disbursing check no. 2086, in the amount of $5,000, and check no. 2087, in the amount of $4,000, on behalf of the matter. Accordingly, on December 15, 2017, when check no. 2086 and no. 2087 cleared the escrow account, they did so against other client funds.
Archer Matter
On or about December 18, 2017, the respondent received a $640.54 check on behalf [*3]of his clients, Andrew Archer and Susanette Archer, from the Boldi Law Group, representing an overage due from a real estate closing. The respondent subsequently failed to deposit this check into the escrow account prior to disbursing check no. 2106 to the Archers, which cleared the escrow account on March 5, 2018. Accordingly, when check no. 2106 cleared the escrow account, it did so against other client funds.
Charge three alleges that the respondent failed to maintain required bookkeeping records for the escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct, in that he failed to maintain a ledger or similar record for the escrow account showing the source of all funds deposited therein; the names of all persons for whom the funds were held; the amount of such funds; the description and amounts; and the names of all persons to whom such funds were disbursed.
Charge four alleges that the respondent failed to properly identify the attorney escrow account, in violation of rule 1.15(b)(2) of the Rules of Professional Conduct, in that the escrow account, deposit slips, and checks were not properly identified as an "Attorney Special Account," "Attorney Trust Account," or an "Attorney Escrow Account," as required.
The Hearing
In regards to the allegations of misconduct, the respondent testified that he did "not have anything in opposition to them," and averred that there was no intent to "defraud" or "to do anything to the detriment of the client," and that his misconduct was an "aberration because of [the] lack of accounting." The respondent further testified that he now maintains a ledger for the escrow account, and that due to his nearing retirement, he will be reducing his case load.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
While the respondent has failed to interpose a response to the Grievance Committee's motion to confirm the Special Referee's report, we nonetheless considered in mitigation the Special Referee's finding that the respondent had demonstrated, by way of his hearing testimony, sincere and genuine remorse for his misconduct. Notwithstanding the mitigation advanced, the respondent committed serious misconduct over an extended period by, inter alia, failing to maintain funds entrusted to him incident to his practice of law. In eight real estate transactions, the respondent received down payment funds from potential buyers which he was required to maintain as a fiduciary; however, he failed to do so as the balance in the escrow account repeatedly fell below what he was required to maintain. Indeed, a review of the escrow account records show substantial account deficiencies between August 2017 and June 2018, including a shortage in excess of $40,000 for an extended period, and for approximately one month, a shortage in excess of $80,000.
Furthermore, in considering the appropriate measure of discipline, we have considered that the respondent's disciplinary history is not unblemished, as he has previously been issued an Admonition and two Letters of Caution.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of two years, effective immediately, without credit for the time elapsed under the interim suspension order of the Court dated January 15, 2021 (see Matter of Fonti, 183 AD3d 17).
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Reginald W. Hamilton, admitted as Reginald Wayne Hamilton, a suspended attorney, is suspended from the practice of law for a period of two years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 1, 2023. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education [*4]requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Reginald W. Hamilton, admitted as Reginald Wayne Hamilton, a suspended attorney, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Reginald W. Hamilton, admitted as Reginald Wayne Hamilton, a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Reginald W. Hamilton, admitted as Reginald Wayne Hamilton, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court